**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

Jerrika Blackamore,

        Plaintiff,

v.

ONLINE Information Services, Inc.,

        Defendant.

Civil Action No: 1:19-cv-4677

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

### INTRODUCTION

1. This is an action for actual damages, statutory damages, legal fees and expenses for the improper and illegal actions and conduct of ONLINE Information Services, Inc., whose actions and conduct are in direct violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as the "FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C § 1331 and pursuant to 15 U.S.§ 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

4. The Plaintiff resides in this Judicial District.

1

## PARTIES

5. The Plaintiff, Jerrika Blackamore, ("Plaintiff"), is an adult individual residing in Indianapolis, Indiana and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Plaintiff is "any person" as the term is used in 15 U.S.C. § 1692d preface.

7. The Defendant, ONLINE Information Services, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 685 W. Fire Tower Road, Winterville, NC 28590, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. The Defendant is a debt collection agency and/or debt purchaser and is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

9. The Defendant regularly collects or attempts to collect, directly, or indirectly, debts owed of due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

10. The Defendant is a debt collection agency attempting to collect a debt from the Plaintiff.

11. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

12. The debt owed by Plaintiff went into default.

13. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

14. The Plaintiff disputes the debt.

15. The Plaintiff requests that the Defendant cease all further communication on the debt.

16. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

17. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

18. The Plaintiff retained Sawin & Shea, LLC for legal representation regarding the Plaintiff's debts.

19. Prior to June 25, 2019, the Defendant had reported to TransUnion and Experian credit reporting agencies that the Plaintiff owed a debt to its client.

20. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies

21. On June 25, 2019, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto.*

22. Again, on July 9, 2019, the Plaintiff's legal counsel sent another letter to the Defendant. Again, this letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto.*

23. This letter indicated that Plaintiff disputed the debt that Defendant is attempting to collect.  Section 1692e(8) does not require an individual's dispute be valid or reasonable. Instead, the plaintiff must simply make clear that he or she dispute the debt.

24. Upon information and belief, Defendant received the aforementioned letter. The law presumes timely delivery of a properly addressed piece of mail.

25. Thus, Defendant received two (2) separate notifications that Plaintiff disputed the debt that Defendant is attempting to collect.

26. On September 11, 2019, the Plaintiff obtained and reviewed a copy of her TransUnion and Experian credit reports. *See Exhibit "3" attached hereto.*

27. On September 11, 2019, the Defendant was continuing to report the Plaintiff's debt to TransUnion and Experian without indicating that the debt was disputed. *See Exhibit "3" attached hereto.*

28. The TransUnion credit report dated September 11, 2019, indicates that it was last reported or verified June of 2019. *See Exhibit "3" attached hereto.*

29. The Experian credit report dated September 11, 2019, indicates that it was last reported or verified June of 2019. *See Exhibit "3" attached hereto.*

30. The TransUnion credit report dated September 11, 2019, fails to indicate that the debt was disputed by the consumer. *See Exhibit "3" attached hereto.*

31. The Experian credit report dated September 11, 2019, fails to indicate that the debt was disputed by the consumer. *See Exhibit "3" attached hereto.*

32. Plaintiff suffered fear and frustration which has led to severe anxiety directly related to Defendant's refusal to update Plaintiff's credit report.

33. Plaintiff continues to suffer anxiety as she believes that Plaintiff's negative credit reporting may result in her denial of credit in the near future.

## COUNT 1
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as through fully stated herein.

35. The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer.

36. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequences of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

37. The Defendant's conduct violated 15 U.S.C. § 1692f in that the Defendant used unfair and unconscionable means to collect a debt by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

38. The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

39. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Actual and statutory damages pursuant to the Indiana Deceptive Consumer Sales Act.

6. Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

The Plaintiff demands a trial by jury of all issues to triable pursuant to Rule 38 of the

Federal Rules of Civil Procedure.

Dated: November 25, 2019

Respectfully Submitted,

By:  */s/Richard J. Shea*

Richard J. Shea, Esq., # 21396-53
Sawin & Shea, LLC.
Attorneys for Plaintiff
6100 N. Keystone Avenue, Suite 620
Indianapolis, IN 46220
Telephone: (317) 255-2600
Facsimile: (317) 255-2905
E-mail: rshea@sawinlaw.com